UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NOE GONZALEZ, individually and on behalf of all others similarly situated,

                                Plaintiff,

                -against-

THE CHEESECAKE FACTORY RESTAURANTS, INC.
d/b/a THE CHEESECAKE FACTORY,

                                Defendant.
------------------------------------------------------------------------X

Case No:

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff Noe Gonzalez, individually and on behalf of all others similarly situated, as class representative, by his attorneys the Moser Law Firm, P.C. allege, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

      1. Plaintiff Noe Gonzalez ("Plaintiff") brings this action against Defendant The Cheesecake Factory Restaurants, Inc. d/b/a The Cheesecake Factory, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) for violations of New York Labor Law ("NYLL") § 191(1)(a) and NYLL § 195(3).

      2. The "relevant time period" is the six-year period preceding the filing of this complaint until the present.[1]

### JURISDICTION AND VENUE

      3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(d), because this case is a class action in which the amount in controversy exceeds

---

[1] The relevant time period is from September 8, 2015, until the present. All allegations in this complaint concern the relevant time period, unless stated otherwise.

1

$5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from the defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant regularly transacts business in this District, and because a substantial part of the events giving rise to this Complaint arose in this District.

## PARTIES

5. Defendant The Cheesecake Factory Restaurants, Inc. ("CAKE") operates a chain of approximately 200 restaurants under the trade name "The Cheesecake Factory".

6. Defendant The Cheesecake Factory Restaurants, Inc. is a citizen of the States of California and Delaware because its principal place of business is at 26901 Malibu Hills Road, Calabasas Hills, California and it is incorporated in the State of Delaware.

## STATEMENT OF FACTS

7. Defendant CAKE employed the Plaintiff from approximately 2009 until March 2021.

8. Plaintiff worked as a Line Cook and Prep Cook during his employment.

9. Plaintiff worked as a Line Cook during the relevant time period.

10. Plaintiff worked at The Cheesecake Factory restaurant located in Huntington, New York.

11. Plaintiff was required to stand throughout his workday, lift up to 50 pounds, and continuously bend, reach and twist.

12. Plaintiff was properly classified as a "manual worker" under Article 6 of the New York Labor Law.

13. The Plaintiff's workweek began on Wednesday and ended on Tuesday.

14. CAKE paid the Plaintiff every two weeks.

15. CAKE paid the Plaintiff the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the workweek in which such wages were earned.

16. CAKE paid the Plaintiff the wages earned in the first workweek of each bi-weekly pay period 14 days after the end of the workweek in which such wages were earned.

17. CAKE paid the Plaintiff by depositing his earnings onto a payroll card, which could be used to make purchases and withdraw cash at an ATM or in person at a bank.

18. CAKE did not furnish to the Plaintiff a statement with each payment of wages as required by NYLL § 195(3).

## CLASS ACTION ALLEGATIONS

*Delayed Wages Class*

19. CAKE operated at least 12 restaurants in the State of New York.

20. CAKE employed cooks other than the Plaintiff in the State of New York including Line Cooks and Prep Cooks.

21. All Line Cooks employed by CAKE in the State of New York performed the same duties.

22. All Line Cooks employed by CAKE in the State of New York performed similar duties.

23. All Line Cooks employed by CAKE in the State of New York had the same job description.

24. All Line Cooks employed by CAKE in the State of New York were required to stand throughout their workday, lift up to 50 pounds, and continuously bend, reach and twist.

25. All Line Cooks employed by CAKE in the State of New York were manual workers.

26. CAKE paid all Line Cooks employed in the State of New York every two weeks.

27. CAKE paid all Line Cooks employed in the State of New York the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.

28. CAKE paid all Line Cooks employed in the State of New York the wages earned in the first workweek of each bi-weekly pay period 14 days after the end of the workweek in which such wages were earned.

29. All Prep Cooks employed by CAKE in the State of New York performed the same duties.

30. All Prep Cooks employed by CAKE in the State of New York performed similar duties.

31. All Prep Cooks employed by CAKE in the State of New York had the same job description.

32. All Prep Cooks employed by CAKE in the State of New York were required to stand throughout their workday, lift up to 50 pounds, and continuously bend, reach and twist.

33. All Prep Cooks employed by CAKE in the State of New York were manual workers.

34. CAKE paid all Prep Cooks employed in the State of New York every two weeks.

35. CAKE paid all Prep Cooks employed in the State of New York the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.

36. CAKE paid all Prep Cooks employed in the State of New York the wages earned in the first workweek of each bi-weekly pay period 14 days after the end of the workweek in which such wages were earned.

37. Plaintiff brings the First Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and the following class:

> All cooks ("Line Cooks" and "Prep Cooks") employed by Defendant CAKE in the State of New York at any time during the relevant time period (the "Delayed Wages Class").

38. There is diversity of citizenship between at least one class member and Defendant CAKE.

39. The members of the Delayed Wages Class are so numerous that joinder of all members is impracticable. The members of the Delayed Wages Class are believed to be in excess of 200 individuals. The precise number of members of the Delayed Wages Class is known to Defendant CAKE.

40. Common questions of law and fact exist as to the Delayed Wages Class that predominate over any questions only affecting members of the Delayed Wages Class individually, namely: (1) whether the Delayed Wages Class members were "manual workers"; (2) whether the Delayed Wages Class was paid on a weekly basis, (3) whether CAKE paid the Delayed Wages Class the wages earned in the first week of each bi-weekly pay period later than seven days after the end of the week in which such wages were earned; and (4) the damages to which members of the Delayed Wages Class are entitled due to Defendant CAKE's failure to comply with NYLL § 191(1)(a) and/or NYLL § 198 (1-b).

41. The Plaintiff's claims are typical of the claims of the Delayed Wages Class he seeks to represent. Plaintiff and the members of the Delayed Wages Class work, or have worked,

5

in the State of New York for Defendant CAKE. The Plaintiff, and the Delayed Wages Class were classified as "manual workers" under Article 6 of the New York Labor Law. The Plaintiff and the members of the Delayed Wages Class all enjoy the same statutory rights under NYLL § 191(1)(a) and NYLL § 198 (1-b).

42. Plaintiff will fairly and adequately represent and protect the interests of the members of the Delayed Wages Class. Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the Delayed Wages Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the Delayed Wages Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the litigation and its possible settlement, he must not favor his own interests over the Delayed Wages Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Delayed Wages Class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

43. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.

44. There is no conflict between Plaintiff and the members of the Delayed Wages Class.

45. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Delayed Wages Class have been damaged and are entitled to recovery as a result of Defendant CAKE's violations of NYLL § 191(1)(a) and NYLL § 198 (1-b). Although the relative damages suffered by the individual members of the Delayed Wages Class are not de minimis, such damages are small compared to the expense and

burden of individual prosecution of this litigation. The individual members of the Delayed Wages Class lack the financial resources to vigorously prosecute individual lawsuits against Defendant CAKE to recover, inter alia, liquidated damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant CAKE's practices.

46. The First Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Class predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

47. The First Cause of Action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Class would create a risk of adjudications with respect to the individual members of the Class that may establish incompatible standards of conduct for the parties opposing the Class and/or that, as a practical matter, would be dispositive of the interests of the other members of the Class not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

*The Wage Statement Class*

48. CAKE paid employees other than the Plaintiff who worked in the State of New York by depositing their earnings onto a payroll card, which could be used to make purchases and withdraw cash at an ATM or in person at a bank.

49. Plaintiff brings the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and the following class:

>All individuals employed by Defendant CAKE in the State of New York at any time during the relevant time period who were paid earnings via a payroll card (the "Wage Statement Class").

50. There is diversity of citizenship between at least one class member and Defendant CAKE.

51. The members of the Wage Statement Class are so numerous that joinder of all members is impracticable. The members of the Wage Statement Class are believed to be in excess of 200 individuals. The precise number of members of the Wage Statement Class is known to Defendant CAKE.

52. Common questions of law and fact exist as to the Wage Statement Class that predominate over any questions only affecting members of the Wage Statement Class individually, namely: (1) whether the Wage Statement Class were employees entitled to receive a wage statement pursuant to NYLL § 195(3), (2) whether CAKE has policies and procedures for the issuance of wage statements to the Wage Statement Class, (3) whether CAKE's policies and procedures for furnishing wage statements complied with the NYLL and the implementing regulations, and (4) the damages to which members of the Wage Statement Class are entitled due to Defendant CAKE's failure to comply with NYLL § 191(1)(a) and/or NYLL § 198 (1-b).

53. The Plaintiff's claims are typical of the claims of the Wage Statement Class he seeks to represent. Plaintiff and the members of the Wage Statement Class work, or have worked, in the State of New York for Defendant CAKE. The Plaintiff, and the Wage Statement Class were entitled to receive a wage statement that complied with NYLL § 195(3). The Plaintiff and the members of the Wage Statement Class all enjoy the same statutory rights under NYLL § 195(3) and NYLL § 198(1-d).

54. Plaintiff will fairly and adequately represent and protect the interests of the members of the Wage Statement Class. Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the Wage Statement Class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the Wage Statement Class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the litigation and its possible settlement, he must not favor his own interests over the Wage Statement Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Wage Statement Class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

55. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.

56. There is no conflict between Plaintiff and the members of the Wage Statement Class.

57. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Wage Statement Class are entitled to statutory damages as a result of Defendant CAKE's violations of NYLL § 195(3)(a). Although the relative damages to the individual members of the Wage Statement Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual members of the Wage Statement Class lack the financial resources to vigorously prosecute individual lawsuits against Defendant CAKE to recover, inter alia, liquidated damages. In addition, class litigation is superior because it will obviate the need for

unduly duplicative litigation that might result in inconsistent judgments about Defendant CAKE's practices.

58. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Wage Statement Class predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

59. The Second Cause of Action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Wage Statement Class would create a risk of adjudications with respect to the individual members of the Wage Statement Class that may establish incompatible standards of conduct for the parties opposing the Wage Statement Class and/or that, as a practical matter, would be dispositive of the interests of the other members of the Wage Statement Class not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

<strong><u>FIRST CAUSE OF ACTION</u></strong><br><strong><u>NYLL §§ 191 and 198</u></strong>

60. Plaintiff repeats and realleges the foregoing allegations as if set forth at length herein.

61. Plaintiff and the members of the Delayed Wages Class were employed by Defendant CAKE.

62. Plaintiff and the members of the Delayed Wages Class were "manual workers" under Article 6 of the New York Labor Law.

63. Plaintiff and the members of the Delayed Wages Class were/are entitled to be paid on a weekly basis and no later than seven days after the workweek in which the wages were earned.

64. Defendant CAKE failed to pay Plaintiff and the members of the Delayed Wages Class weekly as required by NYLL § 191.

65. Defendant CAKE failed to pay wages earned by Plaintiff and the members of the Delayed Wages Class for the first workweek of each bi-weekly pay period within seven days after the end of the workweek in which such wages were earned as required by NYLL § 191.

66. Plaintiff and the members of the Delayed Wages Class were injured and harmed by Defendant CAKE's violation of NYLL § 191 as, inter alia, they were not timely paid their wages and were thus deprived of the timely receipt and ability to use their money. In such circumstances, Courts have determined that the exact amount of monetary damages is difficult to determine and thus Plaintiff and the members of the Delayed Wages Class are entitled to liquidated damages in the amount of the late paid wages.

67. Due to Defendant CAKE's violations of the NYLL, Plaintiff and the members of the Delayed Wages Class are entitled to recover from Defendant CAKE liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
## NYLL §§ 195(3) and 198(1-d)

68. Plaintiff repeats and realleges the foregoing allegations as if set forth at length herein.

69. Plaintiff and the members of the Wage Statement Class were employed by Defendant CAKE.

70. Plaintiff and the members of the Wage Statement Class were/are entitled to receive a wage statement with each payment of wages pursuant to NYLL § 195(3).

71. Defendant CAKE failed to furnish Plaintiff and the members of the Wage Statement Class a wage statement with each payment of wages as required by NYLL § 191.

72. Due to Defendant CAKE's violations of the NYLL, Plaintiff and the members of the Wage Statement Class are entitled to recover from Defendant CAKE, pursuant to NYLL § 198(1-d), liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that the Court grant the following relief:

a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b) Designation of Plaintiff as representative of the Classes and counsel of record as class counsel;

c) Liquidated damages permitted pursuant to the NYLL;

d) Prejudgment interest;

e) Post-Judgment interest;

f) Reasonable attorneys' fees and costs of the action; and

g) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: Huntington, New York
September 8, 2021

                              MOSER LAW FIRM, P.C.

                              By: /s/ Steven J. Moser
                              Steven J. Moser, Esq.
                              *Attorneys for Plaintiff*
                              5 East Main Street
                              Huntington, NY 11743
                              (516) 671-1150
                              steven.moser@moserlawfirm.com