

Stephen Stecker
101 6th Avenue
New York, New York 10013
sstecker@constangy.com
641.341.6554

November 23, 2021

**Via ECF**
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** **Noe Gonzalez, individually and on behalf of all others similarly situated v. The Cheesecake Factory Restaurants, Inc. d/b/a The Cheesecake Factory, Case 2:21-cv-05017-PKC-SIL – Pre-Motion Conference Request on Defendant's Motion to Stay or Dismiss Case and to Compel Individual Arbitration**

Your Honor:

Per the Court's Individual Practice and Rule 3(A), Defendant The Cheesecake Factory Restaurant Inc. ("TCFI") respectfully requests a pre-motion conference on TCFI's motion to stay or dismiss this case as the Court deems appropriate and to compel Plaintiff Noe Gonzalez to individual arbitration in accordance with the binding, enforceable arbitration agreements that he is subject to.[1] The basis for TCFI's anticipated motion is as follows.

Mr. Gonzalez started employment with TCFI in April 2009. At the time of hire, Mr. Gonzalez signed a short-form arbitration agreement with the following language in Spanish:

> Reconozco que pueden surgir diferencias entre la Compaida y yo, durante y despues de mi empleo con la Compafiia. Estoy de acuerdo en participar en un procedimiento de resolucion de disputa impartial, como condicion de, y consideraci6n de la oferta de empleo con la Compafiia. Si yo, o la Compatia, determinamos que los procedimientos intemos de la Compafiia para manejar los reclamos (incluyen pero no estan limitados a reportar los reclamos al gerente, al Director del Area de Operaciones a CARE LINE, y/o al Departamento de Relaciones del Personal), no han dado como resultado una aceptable resolucion de una disputa entre la Compaida y yo, yo acepto participar en un arbitraje.

This language translates to English as follows:

---

[1] Per the Court's Individual Practice and Rule 3(A), TCFI serves its letter motion within the time requirements of FRCP 12 so as to constitute timely service of a motion made pursuant to that provision.

> I recognize that differences may arise between me and the Company during, or following my employment with the Company. I agree to participate in impartial dispute-resolution proceedings as a condition of and as consideration for the offer of employment by the Company. If I or the Company determines that the Company's internal procedures for handling claims (including but not limited to, reporting claims to my manager, the Area Director, the CARELINE and/or the Company's staff relations department), have not resulted in a mutually acceptable resolution of disputes between me and the Company, I agree to participate in arbitration proceedings.

This arbitration language is distinct and mandatory and was a condition of Mr. Gonzalez's employment with TCFI. By using the singular pronoun "I" and excluding any reference to class arbitration, the provision is clear that arbitration is to be held on an individual basis only. Mr. Gonzalez accepted the provision by signing his initials next to the paragraph and again by signing the bottom of the "Acuerdo de Confidencialidad y Recibo del Manual."

Multiple federal courts have ruled that this specific language in TCFI's short-form arbitration agreement requires mandatory arbitration. *See, e.g.*, *EEOC v. Cheesecake Factory, Inc.*, No. CV08-1207PHXNVW, 2009 WL 1259359, at *6 (D. Ariz. May 6, 2009) ("Here, the Arbitration Agreement refers to 'differences that may arise between me and the Company during, or following my employment with the Company' and states the agreement 'to participate in impartial dispute-resolution proceedings' is 'a condition of and as consideration for the offer of employment by the Company.' It plainly gives notice that the 'differences,' 'claims,' and/or 'disputes' to be resolved through arbitration are those related to employment by Cheesecake Factory. Fitzpatrick's and Miller's claims, therefore, are encompassed within the scope of the Arbitration Agreement."); *Sedelnikova v. The Cheesecake Factory Rest., Inc.*, No. CIV. A. AW-09-2398, 2010 WL 2367387, at *2 (D. Md. June 7, 2010) ("While the arbitration agreement is very general, and could be better differentiated from the other provisions surrounding it, the Court believes the provision qualifies as a valid agreement to arbitrate as the agreement was made with valid consideration, mutual assent and no fatal unconscionability."); *Smith et. al. v. The Cheesecake Factory Restaurants, Inc. et. al.*, No. 3:06-00829 (Doc. No. 107) (M.D. Tenn. Feb. 3. 2010) (ordering Plaintiffs to arbitrate their disputes with TCFI based on the exact same language that Mr. Gonzalez signed).

New York federal court rulings are in accord with these decisions. *See, e.g.*, *Patterson v. Raymours Furniture Co., Inc.*, 96 F.Supp.3d 71, 76 (S.D.N.Y. 2015) ("Under New York law, a party who signs a written contract is conclusively presumed to know its contents and to assent to them, and he is therefore bound by its terms and conditions. With regards to arbitration agreements in the employment context, courts in this district routinely uphold arbitration agreements contained in employee handbooks where the employee has signed an acknowledgment form.").

In addition to the short-form arbitration agreement, Mr. Gonzalez was subject to a long-form arbitration agreement that stated in relevant part with emphasis added:

> The Company and I mutually consent to the resolution by arbitration of **all claims arising out of my employment** (or its termination) that the Company may have

    against me, or that I may have against the Company or against its officers, directors, employees or agents in their capacity as such or otherwise, currently existing or which may arise in the future. The claims covered by this Agreement include, but are not limited to, **claims for wages or other compensation due**: claims for breach of any contract or covenant (express or implied); claims arising out of my participation in the Managing Equity Program (if applicable); tort claims; claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, marital status, medical condition, disability or other protected class, if any) under applicable state or federal law; claims concerning harassment, including but not limited to sexual harassment; claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one), and **claims for violation of any** federal, **state**, or other governmental **law, statute**, regulation, or ordinance, except for those claims excluded in the Claims Not Covered section below. However, nothing herein shall prevent me from filing or pursuing an administrative charge of discrimination before the United States Equal Opportunity Commission or any other appropriate federal or state agency (although, if I choose to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Agreement).

The long-form arbitration agreement also stated: "There shall be no right or authority for any dispute to be brought, heard, or arbitrated as a class, collective, or representative basis and the Arbitrator may not consolidate or join the claims of other persons or parties who may be similarly situated."

As with the short-form arbitration agreement, the language in the long-form arbitration agreement waives Mr. Gonzalez's right to pursue class claims. The language is also distinct and mandatory and Mr. Gonzalez's employment with TCFI was conditioned on him accepting it. And like the short-form arbitration agreement, courts have ruled that the specific language in TCFI's long-form arbitration agreement is readily enforceable. *See, e.g.*, *Ackley v. Cheesecake Factory Restaurants, Inc.*, No. CV 20-5983, 2021 WL 3161487, at *5 (E.D. Pa. July 26, 2021) (granting motion to dismiss and compel arbitration and rejecting the plaintiffs' unconscionability arguments). It is TCFI's understanding that Mr. Gonzalez signed the long-form arbitration agreement, and TCFI is currently searching for a copy of it. Even assuming it cannot be located or that Mr. Gonzalez did not sign it, the Second Circuit has said that "it is established law of this circuit that a party may be bound by an agreement to arbitrate even in the absence of a signature." *Brown v. St. Paul Travelers Companies, Inc.*, 331 F. App'x. 68, 69-70, 2009 (2nd Cir. 2009). As in *Brown*, TCFI distributed the long-form arbitration agreement to all employees at the time of hire, periodically revised the agreement, and distributed the revised versions to all employees. *Id.* at 70. And as in *Brown*, TCFI will have testimony from its senior HR personnel that employees were responsible for reviewing and understanding the long-form arbitration agreements and that such agreements were a condition of continued employment. *Id.* So the arbitration agreement is enforceable like in *Brown*.

For these reasons, TCFI respectfully requests permission to file a motion to stay or dismiss this case as the Court deems appropriate and to compel Mr. Gonzalez to individual arbitration.

Best regards,

*s/ Stephen Stecker*

Stephen Stecker
Attorney for TCFI