

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

November 28, 2021

**VIA ECF**
Hon. Pamela K. Chen, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re:   *Gonzalez v. The Cheesecake Factory Restaurant, Inc.,* 21-cv-05017 (PKC)(SIL)

Dear Judge Chen:

I represent the Plaintiff in the above referenced action. I write in response to Defendant's letter regarding its anticipated Motion to Stay or Dismiss this Case and to Compel Individual Arbitration (ECF No. 10). The full extent of Plaintiff's opposition is beyond the scope of this letter. However, I will attempt to address the salient points.

Defendant The Cheesecake Factory, Inc. ("TCFI"), claims that two agreements compel individual arbitration. One is dated April 2, 2009 and is titled "Confidentiality Agreement and Receipt of Manual"[1] (the "short-form"). TCFI has been unable to find any other arbitration agreement bearing the Plaintiff's signature, but nevertheless claims that he is also subject to another agreement which was revised in February 2009[2], titled "Mutual Agreement to Arbitrate Claims" (the "long-form").[3] But Plaintiff is not bound by the long-form, and the short form does not compel arbitration, nor does it call for binding arbitration.

## THE PLAINTIFF IS NOT BOUND BY THE LONG FORM

The Plaintiff was hired in April 2009. At that time, even though both the short-form (copyrighted in 2005), and long-form (last revised in February 2009) existed, Defendant does not produce a long form bearing the Plaintiff's signature. Nevertheless, TCFI argues that even if the Plaintiff did not sign the long-form, he is still bound by it, because "TCFI will have testimony from its senior HR personnel that employees were responsible for reviewing and understanding the long-form arbitration agreements and that such agreements were a condition of continued employment."

---

[1] The title of the document, in Spanish, is "Acuerdo de Confidencialidad y Recibo del Manual." The representations regarding the English meaning of the words in this document are based upon conversations with a certified Spanish translator.
[2] Before the Plaintiff was hired.
[3] Without conceding the authenticity, admissibility, or binding nature of either agreement, Plaintiff hereby submits the "Short Form" as Exhibit 1 and "Long Form" as Exhibit 2 which were previously exchanged by counsel for TCFI.

In favor of TCFI's request to manufacture a binding agreement out of thin air, Defendant cites to *Brown v. St. Paul Travelers Co.*, 331 F. App'x 68 (2d Cir. 2009). However, the facts in *Brown* are unlike the facts herein. In *Brown,* the plaintiff was hired by Aetna in 1966. Thirty years later, in 1996, Travelers bought Aetna and distributed a revised employee handbook to all employees, which included an updated "Employment Arbitration Policy" ("EAP"). *Id.,* at 70. The Defendant submitted admissible evidence that the Plaintiff *actually* received notice of EAP via email, and that the email also stated that the EAP policy was an "'express condition' of continuing employment." *Id.* The Second Circuit agreed with the District Court that "[p]laintiff's statement, that she has no recollection or record of receiving the employee handbook and arbitration policy, despite the fact that it was distributed on at least six occasions during her employment, is . . . not sufficient to raise a genuine issue of material fact." *Id.,* at 70.

The Court concluded that there was an inference of a binding agreement because (1) it was undisputed that the Plaintiff was notified of the EAP, (2) it was undisputed that the Plaintiff was put on notice that as a condition of her continuing employment, she was agreeing to be bound by same, and (3) the Plaintiff's continued employment for the new employer "lends force to the presumption that she agreed to be bound to the arbitration policy." *Id.*

Here, as contrasted with *Brown,* TCFI is simply trying to make up for its decision to present the Plaintiff with the short-form at the time he was hired. Here, Defendant intends on making up for the lack of *any agreement between the parties* whatsoever with general testimony that "employees were responsible for reviewing and understanding the long-form arbitration agreements." That is simply not permissible. *See Davis v. Sani*, 20-CV-733 (GTS/CFH), 2021 U.S. Dist. LEXIS 157206, at *24 (N.D.N.Y. Aug. 18, 2021)(compiling cases)(finding that "language that agreement to the ADR policy was a condition of employment and/or that continuation of employment. . .is of no moment" where the employer offers no admissible evidence that the employee actually received the ADR policy in question.).

Moreover, the short-form, states, in part: "También entiendo que el Manual y otros materiales de capacitación no son ni deben ser considerados un acuerdo o contrato de empleo expreso o implícito." This is literally translated as follows: "I also understand that the Handbook and other training materials *are not and should not be considered an express or implied employment agreement or contract.*" In other words, the short form furnished by TCFI indicates that the other materials furnished to the Plaintiff do not constitute a binding contract.

### **THE SHORT FORM DOES NOT COMPEL BINDING ARBITRATION**

**Contrary to the Defendant's representation, no federal court has ruled that the Spanish language version of the short-form requires arbitration, or that such arbitration is binding.** TCFI celebrates "[m]ultiple federal courts [who] have ruled that this specific language in TCFI's short-form arbitration agreement requires mandatory arbitration." *See* ECF No. 10, at 2. *See EEOC v. Cheesecake Factory, Inc.,* No. CV081207PHXNVW, 2009 WL 1259359 (D. Ariz. May 6, 2009); *Sedelnikova v. The Cheesecake Factory Rest., Inc.,* No. CIV. A. AW-09-2398, 2010 WL 2367387 (D. Md. June 7, 2010); *Smith et. al. v. The Cheesecake Factory*

*Restaurants, Inc.* et. al., No. 3:06-00829 (Doc. No. 107) (M.D. Tenn. Feb. 3. 2010).[4]  However, none of these cases involved an analysis or consideration of the Spanish-language version of the short form that is presented to this Court.  All of these cases involved an English-version of the short-form, which is not at issue in this case.

**The Spanish language version of the short-form is nether mandatory nor does it call for binding arbitration.**  The short-form is exclusively in Spanish.  TCFI does not submit a certified translation of the short-form.  Plaintiff expects to show, through admissible evidence[5] that:

1. The English translation of the short-form furnished by the Defendant is not a correct translation;
2. A literal translation of the short-form may not accurately reflect the meaning of the short-form to a native Spanish speaker;
3. Under the correct translation of the Spanish language short-form, arbitration is neither mandatory nor binding.

**The employee handbook should be produced.**  The short-form is numbered pages 67 and 68.  Page 68 contains the following language: "Quite esta página del Manual. Fotocopie esta forma firmada y entréguesela al miembro del personal; coloque el original en el expediente del personal" which is literally translated as "Remove this page from the Manual. Photocopy this signed form and give it to the staff member; place the original in the personnel file."  "[I]t is a sound principle of construction to interpret a contract so that all its provisions dwell in harmony with each other, to the greatest extent possible."  *Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L.,* 816 F. Supp. 213, 217 (S.D.N.Y. 1993).  The employee handbook may give context to and a better understanding of the short-form.  Therefore, it should be produced in its entirety.

## AS TO CLASS ARBITRATION

This is a case which presents truly unique circumstance.  At the time of hiring, there existed two arbitration agreements.  One expressly prohibited class arbitration.  The other did not.  The employer presented only the agreement that does not expressly prohibit class arbitration.  Under these unique circumstances, to the extent that the Defendant is entitled to a stay and arbitration (which it is not), such arbitration should be on a class-wide basis.

In light of the foregoing, and for other reasons which will be set forth completely in Plaintiff's opposition to the motion, we believe that the Defendant's anticipated motion to

---

[4] It should also be noted that even the Defendant's proffered translation of the short-form only requires the employee to "participate in arbitration."  There is no express agreement to settle claims via arbitration (as required by the plain language of the FAA), or to be bound by the arbitration.

[5] A party may submit expert testimony in support of its interpretation of a foreign language document. *See Alfa Corp. v. Oao Alfa Bank*, 475 F. Supp. 2d 357, 361 (S.D.N.Y. 2007).  In the context of transcripts of foreign-language recordings of conversations, if the parties are unable to agree to a translation that satisfies all sides, "then each side should produce its own version of a transcript. . . In addition, each side may put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version." *United States v. Gonzalez*, 365 F.3d 656, 660 (8th Cir. 2004)

compel arbitration will needlessly occupy judicial resources and will result in unnecessary delay and legal expense.

                                              Respectfully submitted,
                                              */s/ Steven J. Moser*
                                              Steven J. Moser