

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

June 15, 2022

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Gonzalez v. The Cheesecake Factory Restaurants, Inc.*, 2:21-cv-05017-PKC-SIL

Dear Judge Chen:

I represent the Plaintiff in the above referenced action. Plaintiff writes to request leave to file a Memorandum of Law not to exceed 10 pages on or before June 24, 2022, in further opposition to Defendant's Motion to Compel Arbitration (ECF No. 18) or, in the alternative, that the Defendants' reply (ECF 19) be stricken in its entirety.

The reason for this request is that the Defendant submitted new facts, evidence, arguments and a request for relief in its Reply (ECF No. 19).

**FACTS**

The Cheesecake Factory Restaurants, Inc. ("TCFI") served a motion to compel arbitration on February 18, 2022. On March 1, 2022, Plaintiff emailed the Defendant regarding evidentiary deficiencies in TCFI's motion papers, and asked the Defendant to remedy the evidentiary deficiencies *before* Plaintiff opposed the motion, so that Plaintiff could have a full opportunity to be heard. Also, on March 4, 2022 the attorneys for the respective parties spoke by telephone regarding Plaintiff's concerns. Defendant declined to supplement its moving papers.

Plaintiff's Opposition (ECF No. 20), which was served on April 15, 2022, pointed out the evidentiary deficiencies in the Defendant's initial motion papers, which included the fact that the Defendant had submitted an inadmissible Spanish language document not accompanied by a certified translation.

On May 20, 2022, TCFI filed a reply which included:

1. **New evidence**: A "Supplemental Declaration" of Barbara Lewis and reference to said declaration in the reply brief;

2. **New arguments:** TCFI argued for the first time that the Spanish Handbook ostensibly signed by the Plaintiff was a "true and accurate" translation of the English Handbook[1];
3. **Misstatements of Fact:** TCFI incorrectly claimed that the Plaintiff had admitted that the Spanish language document submitted to the Court was a literal translation of the English version;
4. **Request for Additional Relief:** TCFI moved to Strike Plaintiff's Expert Report in its reply, which was unaccompanied by a notice of motion.

**THE LAW**

**New evidence.** "A reply brief should not. . .be used to cure a defective motion by providing new evidence." *Paz Sys. v. Dakota Grp. Corp.*, No. CV 05-4763 (LDW) (WDW), 2006 U.S. Dist. LEXIS 103301, at *10 (E.D.N.Y. June 16, 2006); *Grand River Enters. Six Nations v. King*, No. 02 Civ. 5068 (JFK), 2012 U.S. Dist. LEXIS 10802, at *23 (S.D.N.Y. Jan. 30, 2012) (therefore documents submitted for the first time with a reply "are not properly before the Court and will not be considered.").

**New arguments.** "Typically, arguments made for the first time in a reply submission are not considered by the Court." *Alford v. City of N.Y.*, 413 F. Supp. 3d 99, 106 n.5 (E.D.N.Y. 2018)(citing *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief."); *Domino Media, Inc. v. Kranis*, 9 F.Supp.2d 374, 387, 387 n. 82 (S.D.N.Y. 1998) ("New arguments first raised in reply papers in support of a motion will not be considered.").

**Request for relief unaccompanied by notice of motion.** Seeking relief for the first time in a reply brief is improper. *Coene v. 3M Co.*, 303 F.R.D. 32, 48 n.10 (W.D.N.Y. 2014). Furthermore, Under this Court's Local Civil Rule 7(a)(1), all motions other than letter motions "shall include. . .[a] notice of motion. . .which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion." "This Court enjoys the discretion in enforcement of its Local Civil Rules", including the discretion strike a motion unaccompanied by a notice of motion as expressly required by Local Civil Rule 7(a)(1). *Kujawski v. Liberty Mut. Ins. Co.*, No. 19-CV-603S, 2021 U.S. Dist. LEXIS 60822, at *11 (W.D.N.Y. Mar. 30, 2021).

**CONCLUSION**

For the foregoing reasons, Plaintiff requests leave to file a Memorandum of Law not to exceed 10 pages, or, in the alternative, that the Court strike, in its entirety, ECF No. 19.

---

[1] The Defendant's initial motion papers are devoid of any representation that the Spanish Handbook submitted to the Court for consideration is a "true and accurate" translation of the English Handbook.

Hon. Pamela K. Chen, USDJ
Re: *Gonzalez v. Cheesecake Factory,* 21-cv-05017-PKC-SIL
Page 3

MOSER LAW FIRM, PC

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC: All counsel of record via ECF

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM