

Stephen Stecker
175 Pearl Street, Suite C-402
Brooklyn, New York 11201
sstecker@constangy.com
641.341.6554

June 15, 2022

<u>**Via ECF**</u>
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Noe Gonzalez, individually and on behalf of all others similarly situated v. The Cheesecake Factory Restaurants, Inc. d/b/a The Cheesecake Factory, Case 2:21-cv-05017-PKC-SIL – Opposition to Gonzalez's Motion to Stay TCFI's Motion to Compel Arbitration

Judge Chen:

On February 14, 2022, The Cheesecake Factory Restaurants, Inc. d/b/a The Cheesecake Factory ("TCFI") served its motion to compel arbitration papers on Plaintiff Noe Gonzalez. Gonzalez had until April 15, 2022, to serve his opposition papers,[1] and thus a full two months to raise any arguments, issues, or objections to TCFI's motion to compel arbitration. As part of his opposition papers, Gonzalez submitted a memorandum of law consisting of 18 pages and 30 footnotes, along with an expert report, a declaration from his counsel, and two attached exhibits, which added 17 additional pages of briefing. *See* Doc. No. 20. TCFI filed its reply in support of its motion to compel arbitration, along with the opening motion papers, on May 20, 2022, and thus almost a month ago. *See* Doc. Nos. 18-19.

Notwithstanding the ample time the Court has provided to Gonzalez to respond to TCFI's motion to compel arbitration, Gonzalez has—at the eleventh hour—filed a motion to stay TCFI's motion to compel arbitration, which was subsequently restyled and redrafted as a motion for leave to file additional briefing in opposition to TCFI's motion to compel arbitration. *See* Doc. Nos. 21-22. Gonzalez's motion is procedurally defective: Gonzalez did not meet and confer at all with TCFI regarding his motion to stay nor did he follow the procedures in the Local Rules of the Eastern District of New York or the Court's Individual Rules for the filing of motion papers. In addition

---

[1] Gonzalez served his opposition papers on TCFI on April 18, 2022, and thus after the service deadline of April 15, 2022. *See* Doc. No 15. Gonzalez also filed his opposition papers on May 23, 2022, and thus after the filing deadline of May 20, 2022. *See* Doc. No. 20. Accordingly, the Court should strike Gonzalez's opposition papers as untimely and consider TCFI's motion to compel arbitration unopposed.

June 15, 2022  
Page 2

Constangy, Brooks, Smith & Prophete, LLP

to these procedural defects, TCFI notes that Gonzalez has had since February 14, 2022, to file the CV of Nydia Flores, and to raise any point he wished about TCFI's motion to compel arbitration. Gonzalez's request to submit yet more briefing with yet more hyper-technical arguments is unnecessary and unwarranted. The issue before the Court is a simple one: whether the language in TCFI's short-form arbitration agreement compels individual arbitration. Further briefing is therefore excessive and nothing more than scorched-earth litigation.[2]

With respect to the arguments made by Gonzalez concerning TCFI's reply brief, TCFI responds as follows:

- **There was no new evidence.** TCFI submitted a declaration from Barbara Lewis as part of its opening motion. The declaration was based on personal knowledge within the meaning of FRE 602 and established that the Spanish version of the arbitration agreement was accurate. The declaration exhibits fit within the business records exception rule in FRE 803(6). TCFI's position is that the original declaration and attached exhibits are admissible and satisfy TCFI's evidentiary burden for its motion. TCFI nevertheless in an abundance of caution submitted a supplemental declaration from Lewis as part of its reply and in direct response to the undisclosed and unfounded attacks made by Gonzalez in his opposition. The Lewis supplemental declaration is substantively the same and attaches the same three exhibits.
- **There were no new arguments.** In its reply brief, TCFI responded to the multitude of overly-technical arguments made by Gonzalez—most, if not all, of which had no bearing whatsoever on the merits of TCFI's motion to compel arbitration. TCFI said in its opening motion that the Spanish handbook is a true and accurate translation of the English handbook. *See* Doc. No. 18-2 ¶¶ 6-7.
- **There were no misstatements of fact.** Gonzalez admitted through his expert that the Spanish handbook was a literal translation of the English handbook. *See* Doc. No. 20-1 (opining that the translation was flawed because it was a literal translation).
- **There was no request for additional relief.** Ironically, Gonzalez has asked the Court to strike TCFI's request that Gonzalez's expert report be stricken because it was not disclosed to TCFI in accordance with FRCP 26(a)(2) and 37(c)(1). It was absolutely necessary and procedurally proper for TCFI to raise this issue in its reply brief. *See Hollman v. Taser Int'l Inc.*, 928 F. Supp. 2d 657, 661 (E.D.N.Y. 2013) (considering motion to strike made in reply brief). Gonzalez is trying to draw attention away from his attempt to sandbag TCFI through his undisclosed expert report. Regardless, as set forth in the reply brief, the Court can decide TCFI's motion to compel arbitration without reference to the expert report.

For these reasons, TCFI respectfully requests that the Court deny Gonzalez's motion to stay and decide TCFI's motion to compel arbitration on the existing papers.

---

[2] Indeed, Gonzalez has filed not one but two documents requesting the same relief. *See* Doc. Nos. 21-22. Gonzalez's filings have caused TCFI to incur unnecessary legal expenses.

June 15, 2022  Constangy, Brooks, Smith & Prophete, LLP
Page 3

        Respectfully submitted,

        */s/ Stephen Stecker*

        Stephen Stecker
        Counsel for TCFI