

MOSER LAW FIRM, PC

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

October 19, 2022

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Gonzalez v The Cheesecake Factory Restaurants, Inc,*
Case No. 21-cv-05017-PKC-SIL

Dear Judge Chen:

I represent the Plaintiff in the above referenced matter.  I write with regard to an anticipated motion to amend the complaint and add parties pursuant to FRCP 15 and 21.

**Background.**  For more than 125 years the State of New York has required employers to pay manual workers weekly and all wages within 7 days after the end of the workweek in which they were earned. *See People v. Vetri,* 309 N.Y. 401, 405, 131 N.E.2d 568, 570 (1955); L. 1890, ch. 388, § 1; NYLL § 191.  On September 8, 2021 Noe Gonzalez commenced this action individually and on behalf of other cooks[1] employed in the State of New York who were not timely paid by The Cheesecake Factory Restaurants, Inc.  The complaint also alleged violations of the hiring notice provisions of NYLL § 195.

On May 20, 2022, the Defendant filed a motion to stay this case and compel individual arbitration.  *See* ECF Nos. 18-20.  Defendant asserted that a Spanish-language arbitration agreement signed by the Plaintiff is valid and enforceable.  Plaintiff responded that the agreement was neither binding nor valid, and that the Defendant's motion was unsupported by evidence in admissible form because the Spanish-language agreement was unaccompanied by a certified translation.

On September 28, 2022, the Plaintiff sent a proposed First Amended Complaint to counsel for the Defendant asking whether Defendant would consent to the amendment. Thereafter, on October 12, 2022 counsel for the respective parties had a telephone conference in

---

[1] Significantly, the New York State Department of Labor has already opined that "[c]ooks and wait staff … are classified as 'manual workers' under Article 6 of the Labor Law, and as such, they must be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned unless authorized by the Commissioner of Labor[.]" Dep't of Labor Opinion Letter RO-08-0139.

Hon. Pamela K. Chen, USDJ                              MOSER LAW FIRM, PC 
*Gonzalez v The Cheesecake Factory Restaurants, Inc,*
Case No. 21-cv-05017-PKC-SIL
Page 2

a good faith attempt to resolve the amendment issue without the need for Court intervention. The parties were unsuccessful in resolving the issue.

**The Proposed First Amended Complaint.**  A redlined version of the proposed First Amended Complaint is annexed hereto as Exhibit 1.  The clean version is annexed hereto as Exhibit 2.  The proposed changes are as follows.  An additional representative – Keith Calvagno – has been added and the class definition has been expanded to include "all manual workers employed by the Defendant in the State of New York." The Second Cause of Action for violations of NYLL § 195(3) has been removed.

**Standard.**  "Rule 15 requires that the Court should 'freely give leave' to amend a pleading 'when justice so requires.'" *Dixon v. Attica Corr. Facility*, 2021 U.S. Dist. LEXIS 211875, at *3 (S.D.N.Y. Nov. 2, 2021). A motion to add additional class representatives is a motion to join parties under Rule 21. And the standard for deciding whether to permit joinder under Rule 21 is "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Agerbrink v. Model Serv. L.L.C.*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). "Generally, '[i]n the absence of any apparent or declared reason' for denying such leave, 'the leave sought should, as the rules require, be 'freely given[.]'" *Goney v. SuttonPark Capital LLC*, Nos. 21-188, 21-1101, 2021 U.S. App. LEXIS 32562, at *4 (2d Cir. Nov. 2, 2021)(*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

**Conclusion.**  For the foregoing reasons, Plaintiff requests a pre-motion conference regarding an anticipated motion to amend the complaint.

Very truly yours,

*Steven J. Moser*

Steven J. Moser

CC:    All counsel of record via ECF