

Timothy Barbetta
175 Pearl Street
Suite C-402
Brooklyn, New York 11201
tbarbetta@constangy.com
646.341.6554

October 26, 2022

<u>Via ECF</u>
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Gonzalez v. The Cheesecake Factory Restaurants, Inc.*
           Case No. 21-cv-05017-PKC-SIL
           Response to ECF 27

Your Honor:

        Per the Court's Individual Practice and Rule 3(A), Defendant The Cheesecake Factory Restaurant Inc. ("TCFI" or "Defendant") respectfully responds in opposition to Plaintiff's Letter (ECF 27) of October 19, 2022. Plaintiff's request to amend his Complaint is actually a request to greatly expand his proposed putative class definition. This request—made over one year after the Complaint was originally filed—should be denied because the new class definition would substantially prejudice TCFI, the denial of Plaintiff's motion would in no way prevent proposed Plaintiff Calvagno from pursuing his claims, and the proposed amendment is futile.[1]

## LEGAL STANDARD

        In the Second Circuit, leave to amend a Complaint can be denied "because of undue delay, bad faith, futility or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *Henriquez v. Kelco Landscaping Inc.*, 299 F.R.D. 376, 378 (E.D.N.Y. 2014) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005)). "The most important consideration in determining whether to allow amendment is prejudice to the opposing party." *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 289 (E.D.N.Y. 2013) (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725 (2d Cir.2010)).

---

[1] Defendant does not oppose Plaintiff's request to remove the Second Cause of Action under NYLL § 195(3), as it is not viable in any event.

In addition, when a motion "'is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' the non-movant, such undue delay should weigh against granting leave to amend." *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (citation omitted). Here, given the substantial delay and severe prejudice the amendment would cause TCFI, denial of Plaintiff's motion is appropriate.

## ARGUMENT

1. <u>Leave To Greatly Expand The Proposed Class Definition Should Be Denied Because It Would Substantially Prejudice Defendant</u>

Plaintiff attempts to characterize his Motion as a run-of-the-mill request for leave to amend his Complaint. The Proposed Amended Complaint, however, is anything but. Proposed Plaintiff Calvagno does not meet the original putative class definition, so instead of the Motion adding a second named plaintiff who is already a putative class member, Plaintiff is now seeking to add a brand-new lawsuit to his currently pending case. Plaintiff's Proposed Amended Complaint is a brazen attempt to give Mr. Calvagno the statute of limitations (and therefore the potential monetary) benefit of Plaintiff Gonzalez's September 8, 2021 filing date.[2]

Plaintiff seeks to expand the proposed Class from all "Line Cooks" and "Prep Cooks" to now include "All manual workers." (ECF 27-1 at 4.) This drastic expansion of the proposed class would prejudice Defendant because "it cannot be said that the original complaint provided fair notice" of the claims of non-Line Cooks and non-Prep Cooks. *State of N.Y. v. N. Storonske Cooperage Co.*, 144 F.R.D. 179, 184 (N.D.N.Y. 1992) (denying motion for leave to amend in part due to prejudice of lack of notice). It is axiomatic that Plaintiff's Original Complaint gave TCFI no notice of these additional claims and relating Mr. Calvagno's claims back to a filing date where TCFI had no notice of the claims is highly prejudicial.

Simply put, proposed Plaintiff Calvagno seeks to bring his own claim, for his own separate and distinct putative class, against Defendant while riding the coattails of Plaintiff Gonzalez's year-earlier filing date. While Plaintiff's misuse of the Rules would prejudice Defendant, proposed Plaintiff Calvagno would suffer no prejudice by the Court's denial of the Motion, as nothing prevents Mr. Calvagno from filing a separate action.[3] Accordingly, the Court should deny Plaintiff's Motion.

---

[2] Of note, Mr. Calvagno is also represented by different attorneys than Plaintiff Gonzalez, Leeds Brown Law, P.C., who now attempt to have their client join Plaintiff Gonzalez's pending matter instead of filing a new claim for Mr. Calvagno.

[3] Even if the Court were to find that consolidation of Mr. Gonzalez's claim and Mr. Calvagno's claim were appropriate, consolidation does not impute Mr. Gonzalez's rights, claims, or filing date to Mr. Calvagno. *See e.g. In re Sept. 11th Liab. Ins. Coverage Cases*, 333 F. Supp. 2d 111, 118 (S.D.N.Y. 2004) ("Consolidation does not merge cases or change

2. Plaintiff's Inordinate And Undue Delay In Seeking Leave To Amend Supports Denial Of His Motion

Plaintiff has waited over a year to seek leave to amend his Complaint and offered no explanation for the delay. The Second Circuit has ruled that "a mere seventeen month delay in amending a complaint, without an adequate excuse for the delay, would be prejudicial to a defendant and thus justify denial of a motion to amend." *N. Storonske Cooperage Co., Inc.*, 144 F.R.D. at 184 (denying motion for leave to amend when movant offered no excuse for the delay) (citing *Cresswell*, 922 F.2d at 72). Here, a delay of nearly 14 months, with a similar lack of excuse for the delay necessitates the same result: a denial of Plaintiff's Motion.

3. Proposed Plaintiff Calvagno Is Subject To TCFI's Arbitration Agreement, Making Plaintiff's Amendment Futile

A Court may deny leave to amend a complaint when the proposed amendment would be futile. *See In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021), *cert. denied sub nom. Kirschner v. FitzSimons*, 212 L. Ed. 2d 18, 142 S. Ct. 1128 (2022). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id*. (citation omitted). Here, Plaintiff's proposed addition of Mr. Calvagno as a Plaintiff is futile because Mr. Calvagno is subject to the TCFI Arbitration Agreement. Accordingly, Mr. Calvagno must bring his claims in individual arbitration instead of this Court.

For these reasons, TCFI respectfully requests the Court deny Plaintiff's Motion for Leave to Amend with respect to expanding the proposed Rule 23 Class and adding Keith Calvagno as a Plaintiff.

TCFI requests a pre-motion conference with the Court at the Court's convenience.

Sincerely,
*/s/ Timothy Barbetta*

Timothy Barbetta
Attorney for TCFI

---

the rights of the parties") (citing *Katz v. Realty Equities Corp.*, 521 F.2d 1354 (2d Cir.1975) (citation omitted)).