UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NOE GONZALEZ and KEITH CALVAGNO individually  Case No:
and on behalf of all others similarly situated,                              21-cv-05017-PKC-SIL

                                           Plaintiffs,

           -against-                                                              **[PROPOSED] FIRST AMENDED CLASS ACTION COMPLAINT**

THE CHEESECAKE FACTORY RESTAURANTS, INC.
d/b/a THE CHEESECAKE FACTORY,

                                           Defendant.
------------------------------------------------------------------------X

       Plaintiffs Noe Gonzalez and Keith Calvagno, individually and on behalf of all others similarly situated, as class representatives, by their attorneys the Moser Law Firm, P.C. allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

       1. Plaintiffs Noe Gonzalez and Keith Calvagno ("Plaintiffs") bring this action against Defendant The Cheesecake Factory Restaurants, Inc. d/b/a The Cheesecake Factory, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) for violations of New York Labor Law ("NYLL") § 191(1)(a).

## JURISDICTION AND VENUE

       2. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(d), because this case is a class action in which the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a state different from the defendant.

       3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant regularly transacts business in this District, and because a substantial part of the events giving rise to this Complaint arose in this District.

**PARTIES**

4. Defendant The Cheesecake Factory Restaurants, Inc. ("TCFI") operates a chain of approximately 200 restaurants under the trade name "The Cheesecake Factory".

5. Defendant The Cheesecake Factory Restaurants, Inc. is a citizen of the States of California and Delaware because its principal place of business is at 26901 Malibu Hills Road, Calabasas Hills, California and it is incorporated in the State of Delaware.

**STATEMENT OF FACTS**

6. Defendant TCFI employed the Plaintiff Noe Gonzalez from April 2009 until March 2021.

7. Gonzalez worked as a Line Cook and Prep Cook.

8. Gonzalez worked at The Cheesecake Factory restaurant located in Huntington, New York.

9. Gonzalez was required to stand throughout his workday, lift up to 50 pounds, and continuously bend, reach and twist.

10. Defendant TCFI employed the Plaintiff Keith Calvagno ("Calvagno") from approximately 2008 until August 2022.

11. Calvagno worked as a server.

12. Calvagno worked at The Cheesecake Factory restaurant located in Lake Grove, New York.

13. Calvagno was required to walk and stand throughout his workday, lift up to 35 lbs., and continuously bend, reach and twist.

14. Plaintiffs were properly classified as "manual workers" under Article 6 of the New York Labor Law.

2

15. The Plaintiffs' workweek began on Wednesday and ended on Tuesday.

16. TCFI paid the Plaintiffs every two weeks.

17. TCFI paid the Plaintiffs the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the workweek in which such wages were earned.

18. TCFI paid the Plaintiffs the wages earned in the first workweek of each bi-weekly pay period 14 days after the end of the workweek in which such wages were earned.

## CLASS ACTION ALLEGATIONS

19. Plaintiffs brings the First Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and "All manual workers employed by Defendant TCFI in the State of New York" (the "Class").

20. TCFI paid the Class every two weeks.

21. TCFI paid the Class the wages earned in the first workweek of each bi-weekly pay period later than seven calendar days after the end of the week in which such wages were earned.
Class

22. There is diversity of citizenship between at least one class member and Defendant TCFI.

23. The members of the Class are so numerous that joinder of all members is impracticable. The members of the Class are believed to be in excess of 200 individuals. The precise number of members of the Class is known to Defendant TCFI.

24. Common questions of law and fact exist as to the Class that predominate over any questions only affecting members of the Class individually, namely: (1) whether the Class was paid on a weekly basis, (2) whether TCFI paid the Class the wages earned in the first week of

3

each bi-weekly pay period later than seven days after the end of the week in which such wages were earned; and (3) the damages to which members of the Class are entitled due to Defendant TCFI's failure to comply with NYLL § 191(1)(a) and/or NYLL § 198 (1-b).

25. The Plaintiffs' claims are typical of the claims of the Class they seek to represent. Plaintiffs and the members of the Class work, or have worked, in the State of New York for Defendant TCFI. The Plaintiffs, and the Class were properly classified as "manual workers" under Article 6 of the New York Labor Law. The Plaintiffs and the members of the Class all enjoy the same statutory rights under NYLL § 191(1)(a) and NYLL § 198 (1-b).

26. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the litigation and its possible settlement, they must not favor their own interests over the Class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at depositions and/or trial.

27. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

28. There is no conflict between Plaintiffs and the members of the Class.

29. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to

recovery as a result of Defendant TCFI's violations of NYLL § 191(1)(a) and NYLL § 198 (1-b). Although the relative damages suffered by the individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual members of the Class lack the financial resources to vigorously prosecute individual lawsuits against Defendant TCFI to recover, inter alia, liquidated damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant TCFI's practices.

30. The First Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) as the questions of law and fact common to the members of the Class predominate over any other questions affecting only individual members, and as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

31. The First Cause of Action is properly maintainable as a class action under Federal Rules of Civil Procedure 23(b)(1)(A) and 23(b)(1)(B) in that prosecuting separate actions by individual members of the Class would create a risk of adjudications with respect to the individual members of the Class that may establish incompatible standards of conduct for the parties opposing the Class and/or that, as a practical matter, would be dispositive of the interests of the other members of the Class not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

## **FIRST CAUSE OF ACTION**
## **NYLL §§ 191 and 198**

32. Plaintiffs repeat and reallege the foregoing allegations as if set forth at length herein.

33. Plaintiffs and the members of the Class were employed by Defendant TCFI.

34. Plaintiffs and the members of the Class were "manual workers" under Article 6 of the New York Labor Law.

35. Plaintiffs and the members of the Class were/are entitled to be paid on a weekly basis and not later than seven days after the workweek in which the wages were earned.

36. Defendant TCFI failed to pay Plaintiffs and the members of the Class weekly as required by NYLL § 191.

37. Defendant TCFI failed to pay wages earned by Plaintiffs and the members of the Class for the first workweek of each bi-weekly pay period within seven days after the end of the workweek in which such wages were earned as required by NYLL § 191.

38. Plaintiffs and the members of the Class were injured and harmed by Defendant TCFI's violation of NYLL § 191 as, *inter alia*, they were not timely paid their wages and were thus deprived of the timely receipt and ability to use their money. In such circumstances, Courts have determined that the exact amount of monetary damages is difficult to determine and thus Plaintiff and the members of the Class are entitled to liquidated damages in the amount of the late paid wages.

39. Due to Defendant TCFI's violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendant TCFI liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

  b) Designation of Plaintiffs as representatives of the Class and counsel of record as class counsel;

   c) Liquidated damages permitted pursuant to the NYLL;

   d) Prejudgment interest;

   e) Post-Judgment interest;

   f) Reasonable attorneys' fees and costs of the action; and

   g) Such other relief as this Court shall deem just and proper.

Dated: Huntington, New York
   September 28, 2022

          MOSER LAW FIRM, P.C.

          By: _____
          Steven J. Moser, Esq.
          *Attorneys for Plaintiffs*
          5 East Main Street
          Huntington, NY 11743
          (516) 671-1150
          steven.moser@moserlawfirm.com