UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOE GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>THE CHEESECAKE FACTORY RESTAURANTS, INC. d/b/a THE CHEESECAKE FACTORY,<br><br>Defendants. | 21-cv-5017 (PKC)(SIL) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**PRELIMINARY STATEMENT**

For more than 125 years the State of New York has required employers to pay manual workers weekly and all wages within 7 days after the end of the workweek in which they were earned. *See People v. Vetri*, 309 N.Y. 401, 405, 131 N.E.2d 568, 570 (1955); L. 1890, ch. 388, § 1; NYLL § 191. On September 8, 2021 Noe Gonzalez commenced this action individually and on behalf of other cooks employed in the State of New York who were not timely paid by The Cheesecake Factory Restaurants, Inc. The complaint also alleged violations of the hiring notice provisions of NYLL § 195.

On May 20, 2022, the Defendant filed a motion to stay this case and compel individual arbitration, asserting that the Plaintiff had signed a Spanish-language arbitration agreement. See ECF Nos. 18-20.  The Spanish handbook was unaccompanied by a certified translation and therefore the motion to compel arbitration is unsupported by evidence in admissible form.

On October 19, 2022 Plaintiff filed a motion for a pre motion conference (ECF No. 27) regarding the amendments which are the subject of this motion.   The proposed amendments

1

included adding an additional representative (Keith Calvagno) who worked in a front-of-house food service capacity, and in turn expanding the class definition to include "all manual workers employed by the Defendant in the State of New York." The Second Cause of Action for violations of NYLL § 195(3) was removed. Plaintiff now moves for leave to file the proposed First Amended Complaint annexed to the notice of motion.

## ARGUMENT

### I. THE STANDARD UNDER RULES 15 AND 21 IS LIBERAL

Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "The same liberal standard afforded to motions to amend pursuant to Rule 15 is applicable to motions to add a new party pursuant to Rule 21." *Zucker v. Porteck Glob. Servs.*, No. 13-CV-2674(JS)(AKT), 2015 U.S. Dist. LEXIS 144132, at *10 (E.D.N.Y. Oct. 23, 2015). As the Supreme Court has held, "this mandate is to be heeded: In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. DEFENDANT BEARS THE BURDEN OF PROVING PREJUDICE OR FUTILITY

As the non-moving party, Defendant bears the burden of demonstrating that the proposed amendments would be prejudicial or futile. *Blaskiewicz v. Cnty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998); *Zucker*, 2015 U.S. Dist. LEXIS 144132, at *10.

## III. NONE OF THE *FOMAN* FACTORS ARE PRESENT

"Leave to file an amended complaint…should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). None of the *Foman* factors are present here.

### A. There is no evidence of undue delay

It is important to note that "mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." *Portelos v. City of N.Y.*, No. 12-CV-3141(RRM)(VMS), 2015 U.S. Dist. LEXIS 123261, 2015 WL 5475494 (E.D.N.Y. Sept. 15, 2015) (quoting *Richardson Greenshields Secur., Inc. v. Mui-Hin Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)). In fact, the Supreme Court's leading decision allowing amendment of a complaint, *Foman*, 371 U.S. 178, involved a post-judgment motion. There is good cause to grant leave to amend at this point. "Whether good cause exists turns on the diligence of the moving party." *Salomon v. Adderley Indus., Inc.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (citing *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009)).

In *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740 (AT)(GWG), 2016 U.S. Dist. LEXIS 75393 (S.D.N.Y. June 7, 2016). the defendant argued that a motion to amend two years after commencement was untimely. *Flood*, 2016 U.S. Dist. LEXIS 75393, at *7. The plaintiffs in *Flood* filed a motion to amend the complaint to include additional class claims and add

3

representative plaintiffs approximately one month after the opt-in period closed. The Court pointed out that the Plaintiffs had acted timely considering the information available to them:

> Plaintiffs could not actually know the entire scope of potential plaintiffs until notice issued to the nation-wide collective, until those potential plaintiffs opted in, and until the opt-in period finally closed. Although the case is nearly two years old, the litigation remains in its early stages and, most importantly, significant discovery has yet to commence. Ultimately, mere delay absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend. Because Defendants are not substantially prejudiced by the amendments. . .and because there is no evidence that Plaintiffs' amendments are made in bad faith, whatever delay in Plaintiffs proposing their claims is not sufficient to justify denial of their motion.

*Flood*, 2016 U.S. Dist. LEXIS 75393, at *7-8 (internal citations and quotations omitted). Here, Plaintiff indicated his intention to move to add a representative plaintiff and expand the class expeditiously after Keith Calvagno indicated his willingness to act as a class representative.

### B. There is no undue prejudice

"Undue prejudice to the opposing party is typically the most important consideration in evaluating a motion to amend a pleading." *Lacher v. Comm'r*, 32 F. App'x 600, 603 (2d Cir. 2002) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). "If no prejudice is found, then leave normally will be granted." Wright & Miller, Fed. Prac. & Proc. Civ. 2d §1484 (1990 & 2000 Supp.). Relevant factors include whether a party's opponent would be required to expend significant additional resources to conduct discovery and prepare for trial and whether the amendment will significantly delay resolution of the dispute. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). However, "'time, effort, and money' expended in litigation [without more] 'do not arise to the substantial prejudice' that would justify denial of leave to amend." *McGee v. Doe*, 568 F. App'x 32, 40 (2d Cir. 2014) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)). Defendant will not be required to expend significant additional resources to conduct discovery and prepare for trial, and there will be no significant delay in the

4

resolution of this dispute. Defendant has not yet answered the complaint, and discovery has not yet commenced.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file the Third Amended Complaint.

Dated: Huntington, New York
November 28, 2022

/s/
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
LEEDS BROWN LAW, P.C.
1 Old Country Road, Suite 347
Carle Place, New York 11514
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

&

Steven John Moser, Esq.
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
steven.moser@moserlawfirm.com
631.824.0200

*Attorneys for Plaintiffs and Putative Class*