UNITED STATES DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

NOE GONZALEZ, Individually and on behalf
of all other persons similarly situated,

                     Plaintiff,

-against-

THE CHEESECAKE FACTORY RESTAURANTS,
INC. d/b/a THE CHEESECAKE FACTORY,

                     Defendant.

-----------------------------------------------------------------x

Case No. 2:21-cv-05017-PKC-SIL

**DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

# INTRODUCTION

On April 2, 2009, at the outset of his employment with The Cheesecake Factory Restaurant Inc. ("TCFI" or "Defendant"), Plaintiff Noe Gonzalez ("Plaintiff" or "Plaintiff Gonzalez") agreed via a valid and enforceable arbitration agreement to resolve any employment disputes he had with Defendant via individual arbitration. *See* ECF 18-1. In violation of this enforceable contract, on September 8, 2021, Plaintiff, through his attorneys at the Moser Law Firm, P.C., filed a complaint against Defendant alleging violations of New York Labor Law ("NYLL"). (ECF No. 1.) Plaintiff brough the NYLL claim for "delayed wages" as a putative class of "All cooks ("Line Cooks" and "Prep Cooks")." (*Id*. at ¶ 37.) In response, Defendant timely filed a Motion to Compel Plaintiff to Arbitration, which is currently pending before the Court. *See* ECF 18.

Now, fifteen (15) months after Plaintiff inappropriately filed his Complaint in this Court, a new individual, Keith Calvagno ("Mr. Calvagno" or "Proposed Plaintiff Calvagno"), who does not meet the Complaint's putative class definition (Mr. Calvagno was *not* a cook) and who is represented by new counsel (Mr. Calvagno is represented by Leeds Brown Law, P.C.) seeks to join this case as an additional named-plaintiff. The Court should see through this charade.

Plaintiff's proposed Amended Complaint is nothing more than a thinly veiled attempt by Mr. Calvagno and his new counsel to ride the coattails of Plaintiff's Complaint filing date of September 8, 2021—and more specifically Plaintiff's statute of limitations tolling date—instead of simply filing a new lawsuit on his own.

Because Plaintiff's proposed Amended Complaint with a newly proposed and overly broad expanded class definition would substantially prejudice Defendant, the denial of Plaintiff's motion would in no way prejudice or prevent Mr. Calvagno from pursuing his claims, and because the proposed amendment is futile, the Court should deny Plaintiff's Motion.[1]

## **LEGAL STANDARD**

In the Second Circuit, leave to amend a Complaint can be denied "because of undue delay, bad faith, futility or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *Henriquez v. Kelco Landscaping Inc.*, 299 F.R.D. 376, 378 (E.D.N.Y. 2014) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005)). "The most important consideration in determining whether to allow amendment is prejudice to the opposing party." *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 289 (E.D.N.Y. 2013) (citing *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725 (2d Cir.2010)).

In addition, when a motion "'is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' the non-movant, such undue delay should weigh against granting leave to amend." *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021) (quoting *Cresswell v. Sullivan &*

---

[1] Defendant does not oppose Plaintiff's request to remove the Second Cause of Action under NYLL § 195(3), as it is not viable in any event.

*Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990)). "The longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (citation omitted). Here, given the substantial delay and severe prejudice the amendment would cause TCFI, denial of Plaintiff's motion is appropriate.

**ARGUMENT**

1. <u>Leave To Greatly Expand The Proposed Class Definition Should Be Denied Because It Would Substantially Prejudice Defendant</u>

Plaintiff attempts to characterize his Motion as a run-of-the-mill request for leave to amend his Complaint. The Proposed Amended Complaint, however, is anything but. Proposed Plaintiff Calvagno does not meet the original putative class definition—the putative class definition encompasses "all Cooks" (ECF 1 at ¶ 37) while Mr. Calvagno worked as a front of the house server. So instead of the Motion adding a second named plaintiff who is already a putative class member but has only recently "indicated his willingness to act as a class representative" (Motion at p. 4), Plaintiff is now seeking to add a brand-new lawsuit to his currently pending case. Plaintiff's Proposed Amended Complaint is a brazen attempt to give Mr. Calvagno the statute of limitations (and therefore the potential monetary) benefit of Plaintiff's September 8, 2021 filing date.[2]

Plaintiff seeks to expand the proposed Class from all "Line Cooks" and "Prep Cooks" to now include "All manual workers." (ECF 27-1 at 4.) This drastic expansion of the proposed class would prejudice Defendant because "it cannot be said that the original complaint provided fair notice" of the potential claims of non-Line Cooks and non-Prep Cooks. *State of N.Y. v. N.*

---

[2] Of note, as discussed above, Mr. Calvagno is represented by different attorneys than Plaintiff Gonzalez, Leeds Brown Law, P.C., who now attempt to have their client join Plaintiff Gonzalez's pending matter instead of filing a new claim on behalf of Mr. Calvagno.

3

*Storonske Cooperage Co.*, 144 F.R.D. 179, 184 (N.D.N.Y. 1992) (denying motion for leave to amend in part due to prejudice of lack of notice). Plaintiff's Original Complaint gave TCFI no notice of any potential claims of non-Cook employees—the Complaint is bereft of any reference or allegation to claims of non-Cook employees. TCFI had no notice of Mr. Calvagno's potential claims until almost a year *after* Plaintiff filed his Complaint. Accordingly, relating Mr. Calvagno's claims back to a filing date where TCFI had no notice of the claims is highly prejudicial.

Simply put, Mr. Calvagno seeks to bring his own claim, represented by his own attorneys, for his own separate and distinct putative class, against Defendant while riding the coattails of Plaintiff Gonzalez's year-earlier filing date. Importantly, **Mr. Calvagno does not meet the putative class definition in this case**. Mr. Calvagno in essence attempts to file a separate lawsuit under the umbrella of the current case. However, it is well-settled that "plaintiffs who file separate suits before class certification is determined cannot benefit from the class action's tolling of the statute of limitations." *Fezzani v. Bear, Stearns Co., Inc.*, 384 F. Supp. 2d 618, 633 (S.D.N.Y. 2004); *see also In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 261 F. Supp. 2d 188, 219 (E.D.N.Y. 2003) ("In the class action context, the statute of limitations can be tolled only for those who are 'asserted members of the class when another action was timely filed.'"); and *Hart v. BHH, LLC*, No. 15CV4804, 2018 WL 5729294, at *2 (S.D.N.Y. Nov. 2, 2018) (not permitting a "plaintiff who waits out the statute of limitations to piggyback on an earlier, timely filed class action.") (citing *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018)).

Further, while Plaintiff's misuse of the Rules would clearly and severely prejudice Defendant, Mr. Calvagno would suffer no prejudice by the Court's denial of the Motion, as nothing

prevents Mr. Calvagno from filing a separate action.[3]  Accordingly, the Court should deny Plaintiff's Motion.

2. Plaintiff's Inordinate And Undue Delay In Seeking Leave To Amend Supports Denial Of His Motion

Plaintiff has waited over a year to seek leave to amend his Complaint and offered no explanation for the delay. While he may attempt to represent his own putative class—in his own lawsuit—Mr. Calvagno's attempted inclusion in this matter after over a year is inappropriate. The Second Circuit has ruled that "a mere seventeen month delay in amending a complaint, without an adequate excuse for the delay, would be prejudicial to a defendant and thus justify denial of a motion to amend." *N. Storonske Cooperage Co., Inc.*, 144 F.R.D. at 184 (denying motion for leave to amend when movant offered no excuse for the delay) (citing *Cresswell*, 922 F.2d at 72). Here, a delay of nearly 14 months, with a similar lack of excuse for the delay necessitates the same result: a denial of Plaintiff's Motion.

3. Proposed Plaintiff Calvagno Is Subject To TCFI's Arbitration Agreement, Making Plaintiff's Amendment Futile

A Court may deny leave to amend a complaint when the proposed amendment would be futile. *See In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021), *cert. denied sub nom. Kirschner v. FitzSimons*, 212 L. Ed. 2d 18, 142 S. Ct. 1128 (2022). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id*. (citation omitted). Here, Plaintiff's proposed addition of Mr. Calvagno as a Plaintiff is futile because Mr.

---

[3] If Mr. Calvagno filed his own claim and the Court were to find that consolidation of Mr. Gonzalez's claim and Mr. Calvagno's claim were appropriate, consolidation does not impute Mr. Gonzalez's rights, claims, or filing date to Mr. Calvagno. *See e.g. In re Sept. 11th Liab. Ins. Coverage Cases*, 333 F. Supp. 2d 111, 118 (S.D.N.Y. 2004) ("Consolidation does not merge cases or change the rights of the parties") (citing *Katz v. Realty Equities Corp.,* 521 F.2d 1354 (2d Cir.1975) (citation omitted)).

Calvagno is subject to the TCFI Arbitration Agreement. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (denying motion to amend as futile because the claims asserted in proposed amended complaint were also subject to the arbitration agreement). Employment with TCFI is conditioned on the employee agreeing to "mandatory individual arbitration for any disputes that [arise] during employment." (ECF 18-1 at p. 2.) Just as Plaintiff Gonzalez's claims must be brought in individual arbitration, so to must Mr. Calvagno's. Accordingly, Mr. Calvagno must bring his claims in individual arbitration instead of this Court.

Alternatively, if the Court cannot determine at this time if Mr. Calvagno's claims must be brought in an individual arbitration as this issue has not been briefed for the Court, Mr. Calvagno still cannot join the present case. Because Plaintiff Gonzalez is subject to individual arbitration, the Court should grant Defendant's Motion to Compel.[4] *See generally* ECF 18-1. Once the Motion to Compel Arbitration is granted, there can be no putative class and therefore no tolling of any claims by virtue of the improperly filed September 8, 2021 Complaint. "If the original plaintiffs lacked standing to bring their claims in the first place, the filing of a class action complaint does not toll the statute of limitations for other members of the purported class." *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 82 (D. Conn. 1994) (citing *Korwek v. Hunt,* 827 F.2d 874, 879 (2d Cir. 1987)). Aside from his claims not being tolled because Mr. Calvagno is not a member of the purported class defined in the Complaint, his claims also cannot be tolled because Plaintiff Gonzalez has no standing to bring his claims in this Court.

For these reasons, TCFI respectfully requests the Court deny Plaintiff's Motion for Leave to Amend with respect to expanding the proposed Rule 23 Class and adding Keith Calvagno as a

---

[4] And because Defendant's Motion to Compel Individual Arbitration was filed seven months prior to Plaintiff's present Motion, Defendant's Motion to Compel Individual Arbitration should be decided first.

8774254v1

Plaintiff.

Dated: December 28, 2022

By: */s/ Timothy Barbetta*

    Timothy Barbetta
    Constangy, Brooks, Smith & Prophete LLP
    175 Pearl Street, Suite C-402
    Brooklyn, New York 11201
    Telephone: (646) 341-6554
    Facsimile: (646) 341-6543
    E-mail: tbarbetta@constangy.com

    *Attorneys for Defendant*

8774254v1