UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOE GONZALEZ, individually and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br><br>- against -<br><br>THE CHEESECAKE FACTORY RESTAURANTS, INC. d/b/a THE CHEESECAKE FACTORY,<br><br>                 Defendants. | 21-cv-5017 (PKC)(SIL) |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff has moved to expand the class definition to include "all manual workers employed by the Defendant in the State of New York" and to add Keith Calvagno as a class representative. Defendant has opposed the motion on three grounds: First, allowing the Plaintiff to expand the class definition would be prejudicial to the Defendant should the amendment relate back to the original filing date because it would give Mr. Calvagno and other members of the expanded class the benefit of the original filing date. Second, the Plaintiffs have delayed in seeking to amend. Third, the proposed addition of Mr. Calvagno as a plaintiff would be futile as he is subject to an arbitration agreement.

**ARGUMENT**

**I. THERE WILL BE NO UNDUE PREJUDICE TO THE DEFENDANT**

Defendant argues that the Plaintiff should not be permitted to expand the class definition because, if the Plaintiff survives the pending motion to compel arbitration, the amendment would relate back to the original filing date and thereby increase the damages to which Mr. Calvagno

1

and the expanded class would be entitled.1  However, even if the Defendant is correct that the amendments relate back to the original filing date (September 8, 2021), the Defendant will not thereby be prejudiced.  This is because financial prejudice is not recognized as a basis for denying a motion to amend.  *Gibson v. Am. Broad. Cos.,* No. 82 Civ. 5249 (LLS), 1986 U.S. Dist. LEXIS 20654, at *5 (S.D.N.Y. Sep. 9, 1986)("[A]n increase in defendants' exposure to liability is not the type of prejudice which warrants denial of leave to amend."; *Leonard v. Abbott Lab'ys, Inc.*, No. 10-CV-4676(ADS)(WDW), 2012 U.S. Dist. LEXIS 30608, at *22-23 (E.D.N.Y. Mar. 5, 2012) ("[I]ncreased exposure is not equivalent to the type of prejudice required to preclude an amendment."); *Aris-Isotoner Gloves, Inc. v. N.Y. Glove Co.,* No. 83 Civ. 9034 (ELP), 1984 U.S. Dist. LEXIS 22156, at *4-5 (S.D.N.Y. Nov. 7, 1984)("Defendant's assertion of financial prejudice to the proposed additional defendants is not the type of prejudice that should motivate a court to deny a motion to amend under Rule 15(a)); *Allen v. AMTRAK*, No. 03-CV-3497, 2004 U.S. Dist. LEXIS 24846, at *27-28 (E.D. Pa. Dec. 7, 2004)("[T]he type of prejudice that Rule 15 (c)(3) refers to is not an increase in liability, which would apply regardless of when defendant received notice.).

> As stated by one court,
>
> Defendant has provided no authority suggesting that the potential for increased liability can constitute undue prejudice, and we see no reason that it should—we "freely grant" discretionary motions to amend, notwithstanding the fact that they rarely seek to *narrow* the scope of liability. *See In re Osage Expl. Co.*, 104 F.R.D. 45, 49 (S.D.N.Y. 1984) (the fact that the amendment "might increase defendant's potential exposure to liability [is] not the type of prejudice that warrant[s] denial of leave to amend the complaint"); *Poloron Prods. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976) (defendant's argument that a proposed amendment's 1700% increase in requested damages should be considered prejudicial "could scarcely exert less force").

---

1 *See* Def. MOL, at 2 (characterizing the amendment as "a brazen attempt to give Mr. Calvagno the statute of limitations (and therefore the potential monetary) benefit of Plaintiff's September 8, 2021 filing date.").

2

*D.J. v. Conn. State Bd. of Educ.*, No. 3:16-cv-01197 (CSH), 2019 U.S. Dist. LEXIS 58963, at *14 (D. Conn. Apr. 5, 2019)

Moreover, Rule 15 does not preclude the addition of class action allegations after the case has been filed. For example, in *In re NASDAQ Mkt.-Makers Antitrust Litig.* (*RWS*), No. 1023, 94 Civ. 3996 (RWS), 1997 U.S. Dist. LEXIS 20835, at *4 (S.D.N.Y. Dec. 31, 1997), the Plaintiffs sought an enlargement of the class period three years after commencement in order to conform the complaint with the class definition proposed in a contemporaneously filed motion for class certification. Defendants claimed that they would be exposed to increased potential liability. Judge Sweet noted,

> [N]o precedent is cited for the proposition that any prejudice resulting from increased liability would bar an amended complaint. The issue, rather, is legal prejudice, not the magnitude of the Defendant's potential liability.

*Id.* at *21.

## II. DELAY, STANDING ALONE, IS NOT A BASIS FOR DENIAL OF A MOTION TO AMEND

"The Second Circuit has repeatedly recognized that '[m]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.'" *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000); *Rotter v. Leahy*, 93 F. Supp. 2d 487, 497 (S.D.N.Y. 2000) ("Typically, the moving party's delay, standing alone, is not sufficient reason to foreclose amendment.").

## III. DEFENDANT HAS NOT PRODUCED ANY EVIDENCE IN ADMISSIBLE FORM THAT MR. CALVAGNO IS SUBJECT TO AN ARBITRATION AGREEMENT OR THAT THE AMENDMENT WOULD BE OTHERWISE FUTILE

Defendant suggests that the addition of Mr. Calvagno as a named plaintiff would be "futile" because he is subject to an arbitration agreement. However, for the second time,

3

Defendant has failed to submit evidence in admissible form that an arbitration agreement exists. Defendant first failed to submit evidence in admissible form in support of its motion to compel individual arbitration of Mr. Gonzalez' claims. Now Defendant claims that Mr. Calvagno is also subject to an arbitration agreement, but submits no evidence in admissible form supporting its contention. Defendant cites only to its Memorandum of Law in support of its motion to compel arbitration of Mr. Gonzalez' claims (ECF No. 18-1). As defendant has, for the second time, failed to submit evidence in admissible form to support the existence of an arbitration agreement that would render the amendment futile, the futility argument should be disregarded by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file the Third Amended Complaint.

Dated: Huntington, New York
January 10, 2023

/s/
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
Brett R. Cohen, Esq.
LEEDS BROWN LAW, P.C.
1 Old Country Road, Suite 347
Carle Place, New York 11514
jbrown@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

&

Steven John Moser, Esq.
MOSER LAW FIRM, P.C.
5 East Main Street
Huntington, NY 11743
steven.moser@moserlawfirm.com
631.824.0200

*Attorneys for Plaintiffs and Putative Class*