```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
NOE GONZALEZ,
                        Plaintiff,

        - against -                                         MEMORANDUM & ORDER
                                                            21-CV-5017 (PKC) (SIL)
THE CHEESECAKE FACTORY
RESTAURANTS, INC, D/B/A/ THE
CHEESECAKE FACTORY,

                        Defendant.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Noe Gonzalez, a former employee at The Cheesecake Factory Restaurants, Inc.'s ("Cheesecake Factory") location in Huntington, New York, brings this putative class action based on alleged violations of New York employment law. Cheesecake Factory now asks to compel arbitration and stay this matter in the interim. For the reasons stated herein, the Court denies the motions without prejudice to renew.[1]

### STANDARD OF REVIEW

The Federal Arbitration Act (the "FAA") provides that "a contract. . . to settle by arbitration a controversy. . . shall be . . . enforceable." 9 U.S.C. § 2. The threshold question in any arbitration dispute is "whether an arbitration agreement exists at all." *Abdullayeva v. Attending Homecare*

---

[1] Because the Court resolves this motion based on Cheesecake Factory's failure to attach a certified translation of the agreement between the parties, it neither addresses the parties' substantive arguments nor provides a full recitation of the facts. Plaintiff had worked as a cook at Cheesecake Factory's restaurant in Huntington from 2009 until 2021. (Compl., Dkt. 1, ¶¶ 7, 10; Lewis Decl., Dkt. 18-2, ¶ 3.) When starting his employment, Plaintiff signed contractual documents in the Spanish language. (Lewis Decl., Dkt. 18-2, ¶¶ 6–7; *id.* Ex. C.) On September 8, 2021, Plaintiff brought this putative class action alleging that Defendant had failed to provide him with wage statements and pay him on time, in violation of New York Labor Law §§ 191(1)(a), 195(3). (Compl., Dkt. 1, ¶¶ 1, 57, 69–72.) The central issue, at this juncture, is whether Plaintiff signed a contract compelling him to arbitrate his claims.

1

*Servs. LLC*, 928 F.3d 218, 223 (2d Cir. 2019); *see also Adams v. Suozzi*, 433 F.3d 220, 226 (2d Cir. 2005) ("If the contract embodying a purported arbitration agreement never existed, the arbitration agreement itself does not exist."). "The party seeking to compel arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." *Zachman v. Hudson Valley Fed. Credit Union,* 49 F.4th 95, 101–02 (2d Cir. 2022); *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010) (same). Importantly, "[i]n deciding a motion to compel arbitration, courts apply a standard similar to that applicable for a motion for summary judgment." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 175 (2d Cir. 2022), *cert. dismissed*, 143 S. Ct. 480 (2022). Thus, in deciding whether a party has met its burden, the Court only considers "*admissible* evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (emphasis added) (cleaned up); *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022) (same).

## DISCUSSION

Defendant has failed to adduce admissible evidence supporting its theory that the parties signed an agreement to arbitrate. Defendant produced the Spanish-language agreement that Plaintiff signed, but failed to present a certified English translation of it. *See Heredia v. Americare, Inc.*, No. 17 Civ. 06219 (RWL), 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020) (excluding documents in Spanish submitted without a certified translation and noting that it is a "well-established rule that a document in a foreign language is generally inadmissible unless accompanied by a certified English translation" (collecting cases)); *see also Ediciones Quiroga, S.L. v. Fall River Music, Inc.*, No. 93 Civ. 3914 (RPP), 1998 WL 851574, at *2 n.3 (S.D.N.Y. Dec. 7, 1998) ("Translations of foreign-language documents which are not certified as true and accurate

translations and which do not even identify the translator are not properly authenticated and are not admissible evidence." (quoting Local Rule 56.1)). Courts routinely hold that, in the absence of a certified translation, a proponent fails to carry her burden to show that a document is what she claims it is. *See Desiste v. Sobande*, No. 20 Civ. 6947 (KPF), 2022 WL 4537914, at *8 (S.D.N.Y. Sept. 28, 2022) (noting, on summary judgment, that "[e]vidence is only admissible if it can be authenticated . . . meaning the proponent of that evidence can 'produce evidence sufficient to support a finding that the item is what the proponent claims it is.'" (quoting Fed. R. Evid. 901(a)); *see also Wisconsin Province of Soc'y of Jesus v. Cassem*, 486 F. Supp. 3d 527, 532 n.4 (D. Conn. 2020) ("It is well established that foreign language materials are inadmissible in the absence of an English translation certified to be true and accurate." (citing Fed. R. Evid. 901(a)); *accord United States v. Rivera–Rosario*, 300 F.3d 1, 5, 7 n.4 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."). Nor is it sufficient that a corporate executive in Defendant's headquarters, with no apparent proficiency in Spanish, declares that a third-party translator was hired and that the Spanish contract is a "word-for-word" translation of the English-language agreement that Defendant uses and submitted to the Court. (Lewis Decl., Dkt. 18-2, ¶ 6.) Instead, "[a] certified translation is one to which the author swears that the contents are true and accurate and also swears to his or her identity and qualifications to translate the relevant languages." *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 555 n.9 (S.D.N.Y. 2013). As Defendant has failed to adduce such a certified translation, the purported agreement to arbitrate cannot be admitted in

3

connection with Defendant's motion to compel arbitration. The Court, therefore, denies the motion without prejudice to renew.[2]

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's motions to compel arbitration and stay this action without prejudice.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: March 13, 2023
       Brooklyn, New York

---

[2] Defendant likewise errs when arguing that the Court may not consider the Spanish-language expert report that Plaintiff produced based on failure to give Defendant a timely notice under Fed. R. Civ. P. 26(a). (Dkt. 19, at 3.) Rule 26 provides that "[p]arties must provide timely disclosure of expert testimony as ordered by the court or, if there is no applicable court order, at least 90 days before the date set for trial." *Vioni v. Providence Inv. Mgmt., LLC*, 750 F. App'x 29, 32 (2d Cir. 2018); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 329 F.R.D. 55, 58 (S.D.N.Y. 2019) (same). Simply put, "a textual reading of the rule supports the conclusion that, absent a stipulation or court order, a party need not disclose its expert testimony until 90 days prior to trial." *Desilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313, 330 (E.D.N.Y. 2014). Because the Court has not issued "a scheduling order and trial date, [Plaintiff's] duty to disclose was never triggered." *Id.* However, while rejecting Defendant's argument, the Court doubts that Plaintiff's expert report would have created a genuine factual dispute on its own had Defendant filed a certified translation. The report fails to provide an English translation of the agreement that the parties signed and is steeped in legal conclusions about the binding effect, *vel non*, of that agreement. (Declaration of Nydia Flores-Ferrán in Opposition to Motion to Dismiss, Dkt. 20-1, ¶ 10 ("As written in Spanish, it does not plainly compel or require arbitration of employment disputes[.]").) Such assertions are insufficient to defeat a motion to compel arbitration, and, should Defendant renew its motion, Plaintiff would be well-advised to submit a competing translation of the agreement if he wishes to argue that a genuine factual dispute as to whether arbitration is compelled exists.