

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

March 31, 2023

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Gonzalez v. The Cheesecake Factory Restaurants, Inc.*
               Case No. 21-cv-05017-PKC-SIL

Dear Judge Chen:

      I am co-counsel with Leeds Brown, P.C. for the Plaintiffs in the above referenced matter. I write in response to the Defendant's request for a pre-motion conference with regard to its renewed motion to compel arbitration. Plaintiffs oppose any renewed motion to compel arbitration at this time, and request a scheduling conference with Magistrate Judge Locke.

      **Background.** This action was commenced on September 8, 2021. *See* ECF No. 1. On November 23, 2021 the Defendant requested a pre-motion conference regarding an anticipated motion to compel arbitration. *See* ECF No. 10. Plaintiff pointed out to the Defendant more than a year ago on March 1, 2022 that its motion was unsupported by evidence in admissible form. More specifically, Plaintiff advised Defendant that the Spanish-language arbitration form was not accompanied by a certified translation. Defendant nevertheless failed to provide a certified translation with its moving papers.

      On January 12, 2023 Plaintiff filed a motion to add a class representative, Keith Calvagno and to expand the class definition. *See* ECF No. 31.

      On March 13, 2023 the Court denied the Defendant's motion to compel arbitration without prejudice as unsupported by admissible evidence.

      **Defendant's motion to compel arbitration is premature.** Any renewed motion at this juncture will continue to unnecessarily consume the Court's time. Defendant has already admitted that the Spanish version is a *verbatim* or *literal* translation, which, according to Plaintiff's linguistics expert, is by its very nature not "true and accurate." In sum, the parties already know that their respective translators and/or experts will disagree as to whether a binding arbitration agreement exists.

      The FAA explicitly states that an order directing the parties to proceed in arbitration is appropriate if "the making of the agreement for arbitration…is not in issue." 9 U.S.C. § 4.

Hon. Pamela K. Chen, USDJ  MOSER LAW FIRM, PC 
Re: *Gonzalez v. The Cheesecake Factory Restaurants, Inc.*, 21-cv-5017
Page 2

However, "[i]f the making of the arbitration agreement. . .be in issue, the court shall proceed summarily to the trial thereof." *Id.* The issue may be presented to the court or a jury, if requested. *Id.*

Moreover, a decision on the motion to amend may moot a motion to stay and/or dismiss this case in its entirety, as Defendant has been unable to locate or produce an arbitration agreement for Keith Calvagno.

**Conclusion.** Defendant has successfully stayed this case for more than a year based upon a motion which the Defendant knew was unsupported by admissible evidence. Because a decision on the motion to amend the complaint may moot a motion to dismiss and/or stay the case in its entirety, and because the existence of a valid agreement to arbitrate will inevitably be at issue, the Defendants should not occupy the Court's time with yet another motion to compel arbitration at this time.

For the foregoing reasons, Plaintiff respectfully requests that Defendant's motion to compel arbitration be made, if at all, after a decision on Plaintiff's motion to amend and request that the mater be referred to Magistrate Judge Locke for the purpose of scheduling a discovery conference.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC:    All counsel of record via ECF