# MOSER LAW FIRM, PC 

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 20, 2023

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Gonzalez v. The Cheesecake Factory Restaurants, Inc.*
             Case No. 21-cv-05017-PKC-SIL

Dear Judge Chen:

    Please accept this letter motion on behalf of Plaintiffs for an order requiring the defendant to furnish evidence in admissible form in support of its renwed motion to compel arbitration.

    **Background.** This case was commenced on September 8, 2021. Defendants served their first motion to stay and compel arbitration on February 14, 2022. On March 1, 2022, after reviewing the Defendant's moving papers, Plaintiff advised The Cheesecake Factory Restaurants, Inc. ("TCFI") that it had failed to submit evidence in admissible form in support of its motion to compel arbitration. Plaintiff asked TCFI to furnish such evidence *before* opposing the motion. Defendants declined this invitation. Plaintiffs served opposition pointing out the evidentiary deficiencies. Defendant then attempted, but failed, to remedy the evidentiary submissions by submitting a second declaration with its reply.

    The Court's decision dated March 13, 2023 noted that,

"The party seeking to compel arbitration bears an initial burden of demonstrating that an agreement to arbitrate was made." *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 101-02 (2d Cir. 2022); *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010) (same). Importantly, "[i]n deciding a motion to compel arbitration, courts apply a standard similar to that applicable for a motion for summary judgment." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 175 (2d Cir. 2022), *cert. dismissed*, 143 S. Ct. 480, 214 L. Ed. 2d 312 (2022). Thus, in deciding whether a party has met its burden, the Court only considers "*admissible* evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (emphasis added) (cleaned up); *Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 50 (2d Cir. 2022) (same).

Hon. Pamela K. Chen, USDJ                                       MOSER LAW FIRM, PC 
Re: *Gonzalez v. The Cheesecake Factory Restaurants, Inc.,* Case No. 21-cv-05017
Page 2

*Gonzalez v. Cheesecake Factory Rests., Inc.*, No. 21-CV-5017 (PKC) (SIL), 2023 U.S. Dist. LEXIS 41808, at *2 (E.D.N.Y. Mar. 13, 2023).

      As described more fully in this letter, the Defendant's renewed motion, served on June 30, 2023, again fails to submit evidence in admissible form of the existence of an arbitration agreement between the parties. Moreover, Defendant again furnishes conclusory allegations in declarations otherwise unsupported by admissible evidence.

### TCFI Has Failed to Submit the Purported "Arbitration Agreements" To Which they Claim Plaintiffs are Bound.

The timeline of events is as follows:

1. TCFI moved to compel arbitration of the claims of Mr. Gonzalez on February 14, 2022.

2. The purported "arbitration agreement" furnished by TCFI (the "Short Form") was the last two pages of an Employee Handbook which was copyrighted in 2005. *See* Lewis Decl., ECF 18-2 ¶ 7 and Exhibit A thereto.

3. TCFI's Senior Director of Payroll and Accounts Payable, Barbara Lewis, signed a declaration on February 11, 2022 stating that the 2005 handbook was the version that was "operative as of April 2009." ECF 18-2 ¶ 7.

4. Plaintiff moved to amend the complaint to add Keith Calvagno as a representative.

5. Defendant served its renewed motion to compel arbitration on June 30, 2023.

6. For the first time in its renewed motion, Defendant revealed that the Employee Handbook, although "operative" as of April 2009, had been superseded by subsequent handbooks. More specifically, Lewis stated that between 2008-2002, "TCFI [had] re-issued the Employee Handbook – *including the Arbitration Acknowledgment* – three times." *See* Lewis Decl. ¶ 9. However, TCFI further admits that the handbook was not simply "re-issued" but was instead repeatedly "updated".[1]

7. Defendant's Memorandum of Law explicitly states that "TCFI *revised* and *redistributed* the Employee Handbook three times during Calvagno's employment" and that "TCFI notified Calvagno . . .that he must read the Employee Handbook and that compliance with the Employee Handbook was a condition of employment." Def MOL at 14 (emphasis supplied).

---

[1] *See* Lewis Decl., *annexed hereto*, ¶ 6 (referring to the 2005 handbook as a "version of the Employee Handbook" provided to Noe Gonzalez in 2009 and Keith Calvagno in 2008); Lewis Decl. ¶ 12 (TCFI notified employees of "updates to the employee handbook" three times); Lewis Decl. ¶ 14 ("Updates to the Employee Handbook were also conveyed"); Lewis Decl. ¶ 16 ("TCFI provided Calvagno with three updates to the Employee Handbook" and encouraged him to read each update).



Hon. Pamela K. Chen, USDJ  MOSER LAW FIRM, PC
Re: *Gonzalez v. The Cheesecake Factory Restaurants, Inc.,* Case No. 21-cv-05017
Page 3

8. Defendants have failed to furnish the three updated Employee Handbooks allegedly furnished to the Plaintiffs and which they contend Plaintiffs agreed to as a condition of continued employment.

"It is a well settled principle of contract law that a new agreement between the same parties on the same subject matter supersedes the old agreement." *Ottawa Office Integration, Inc. v. FTF Bus. Sys.*, 132 F. Supp. 2d 215, 219 (S.D.N.Y. 2001)(specifically finding that the terms of the most recent arbitration agreement between the parties had superseded prior arbitration agreements). Therefore, the version of the Employee Handbook submitted by the Defendants is apparently not the operative agreement.

**TCFI Makes Conclusory and Unsupported Allegations"**

Ms. Lewis states that employees at all restaurants in New York State were "provided copies of several important documents, including the Employee Handbook" at the time of hiring. Lewis ¶ 4. How does she know this? There are monthly "self-review audits and annual corporate internal audits." Lewis ¶ 4.

She writes that since March of 2008 it has been "TCFI policy to present all new employees with a copy of the most current Employee Handbook." ¶ 7. "In 2008, it was TCFI policy to inform all new hires … that the arbitration acknowledgment required mandatory individual arbitration for any disputes that arose" and that "In 2008, it was also TCFI policy to inform. ..employees that their offer of employment and continued employment was expressly conditioned on them agreeing to the Arbitration Acknowledgment." ¶ 7. Therefore, it would not have been possible for Mr. Calvagno to have been entered into the payroll system without "completing" these documents. ¶ 8.

However, all of the foregoing policies are apparently unwritten because no evidence of a written policy has been submitted. Moreover, these statements are a transparent attempt by TCFI to insert additional provisions into its "arbitration clause."

Defendants have offered no evidence in admissible form to support Counsel's assertion that "TCFI notified Calvagno . . . that he must read the Employee Handbook and that compliance with the Employee Handbook was a condition of employment." Def MOL, at 14.

**Conclusion.** The Defendant's renewed motion is TCFI's third failed attempt to submit admissible evidence of an agreement to arbitrate. The Court's time and the parties' resources should not be dedicated to unsupported motions. Plaintiffs respectfully request that the motion be denied with prejudice or, in the alternative, that the Defendant be given the opportunity to revise its motion papers to include evidence in admissible form.

Respectfully Submitted,


Steven J. Moser

CC: All counsel of record via email