

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

August 28, 2023

**VIA ECF**

Hon. Pamela K. Chen, USDJ
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Gonzalez v The Cheesecake Factory Restaurants, Inc.*
              Case No. 21-cv-05017-PKC-SIL

Dear Judge Chen:

      I represent the Plaintiff in the above referenced matter. I write to request that the Defendant's reply and papers annexed thereto (ECF No. 50) be disregarded in their entirety.

      The Defendant's most recent iteration of its motion to compel arbitration did not contain evidence in admissible form of an agreement to arbitrate. *See* ECF No. 48. It is well settled that "[a] reply brief should not. . .be used to cure a defective motion by providing new evidence." *Paz Sys. v. Dakota Grp. Corp.*, No. CV 05-4763 (LDW) (WDW), 2006 U.S. Dist. LEXIS 103301, at *10 (E.D.N.Y. June 16, 2006); *Grand River Enters. Six Nations v. King,* No. 02 Civ. 5068 (JFK), 2012 U.S. Dist. LEXIS 10802, at *23 (S.D.N.Y. Jan. 30, 2012) (therefore documents submitted for the first time with a reply "are not properly before the Court and will not be considered."). However, this is precisely what Defendant attempts to do. *See* Defendant's Reply, ECF No. 50.

      The party moving to compel arbitration "must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement 'in issue.'" *Hines v. Overstock.com, Inc.*, 380 Fed. Appx. 22, 24 (2d Cir. 2010. Here, even though TCFI did not furnish a certified translation of the purported arbitration agreement with its motion, it faults the Plaintiff for "failing to submit a competing translation" with its opposition. Def Reply at 3, 5. In other words, according to TCFI, Plaintiff was obligated to provide a "competing translation" even though Defendant had failed to furnish a certified translation in the first instance. Moreover, this case has been pending for almost two years. Defendant's only explanation for its two year delay in identifying Javier Gomez as an individual with knowledge is that "As the internal investigation into Plaintiffs' claims continues,
TCFI was recently able to identify Javier Gomez[.]" Def. Reply at 6.

Hon. Pamela K. Chen, USDJ
Re: *Gonzalez v The Cheesecake Factory Restaurants, Inc.*
Case No. 21-cv-05017-PKC-SIL
Page 2

MOSER LAW FIRM, PC

TCFI also accuses the Plaintiffs of "attempt[ing] to confuse the Court"[1], "misconstruing TCFI's arguments in an attempt to confuse the issues"[2], and making "misleading claims"[3] However, "We don't see people as they are. We see people as we are."[4] TCFI, not the Plaintiffs, has made inconsistent arguments, injected confusion, and made contradictory statements of fact. The following are some examples.

**Defendant's motion indicated that the handbook containing the arbitration clause was superseded three (3) times**. "TCFI revised and redistributed the Employee Handbook [containing the arbitration agreement] three times during Calvagno's employment." Def. MOL at 14. "Calvagno could not have accessed his schedule. . . without seeing the messages from TCFI regarding the *updated* Handbook and reminding him to read the Handbook and that his employment was conditioned on him agreeing to and following the policies in the Handbook." Def. MOL at 12 (emphasis supplied). The handbook was revised and re-distributed not just to Mr. Calvagno but to "all employees", including Mr. Gonzalez. *See* Lewis Decl. ¶ 9.

Defendant's reply papers attempt to backpedal this claim. TCFI claims in its reply that the "2005 Employee Handbook" was still "operative", even though it had been revised and redistributed to all employees at least three times. Def. Reply at 9. TCFI casually submits other evidence for the first time in its reply papers. However, it does not submit the three (3) revised and redistributed Employee Handbooks to which employees, as a condition of continued employment, allegedly agreed.

**The declarations of the Defendant's witnesses are inconsistent with each other and with the representations of counsel.**

- According to Barbara Lewis, Keith Calvagno was hired on March 21, 2008. Lewis Decl. at ¶ 3. Javier Gomez, the individual who claims to have personal knowledge of Mr. Calvagno's onboarding, was not hired by TCFI until August 1, 2008, five months after Mr. Calvagno was hired. Gomez Decl. ¶ 1. Annexed hereto is a representative pay stub from Mr. Calvagno confirming that his date of hire was in fact March 21, 2008.

- According to Counsel for TCFI, Javier Gomez "as the General Manager of Mr. Calvagno's restaurant at his time of hire, [] hired Mr. Calvagno, onboarded Mr. Calvagno, and ensured that Mr. Calvagno was aware of and signed the Employee Handbook Acknowledgment Form and the Arbitration Acknowledgment." Def. Reply, at 8. However, according to Javier Gomez, he did not become the GM of Lake Grove until March 23, 2011, three (3) three years after Calvagno was hired. Gomez Decl. ¶ 1.

---

[1] Reply, at 5
[2] Reply, at 8.
[3] Reply, at 9.
[4] Quote attributed to Anais Nin.

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM

Hon. Pamela K. Chen, USDJ
Re: *Gonzalez v The Cheesecake Factory Restaurants, Inc.*
Case No. 21-cv-05017-PKC-SIL
Page 3

MOSER LAW FIRM, PC

- Mr. Gomez claims to have "personal knowledge" regarding the onboarding of Mr. Calvagno in March 2008 because he was *the GM* of the Lake Grove location (*see* Gomez Decl. ¶¶ 1-3, 6-12). Again, he lacks personal knowledge because he only became the GM of the Lake Grove location on March 23, 2011. Gomez Decl. ¶ 1.

**Conclusion.** Plaintiffs respectfully renew their request that the Defendant's reply and papers annexed thereto (ECF No. 50) be disregarded in their entirety. Defendant has successfully delayed this case for two years. Defendant has repeatedly failed to submit evidence in admissible form of an agreement to arbitrate with its moving papers, and instead resorted to submitting evidence in reply papers. TCFI has submitted competing, inconsistent, and otherwise unsupported declarations. TCFI has volunteered the fact that it allegedly revised and redistributed the Employee Handbook containing the purported arbitration clause at least three (3) times. TCFI has stated that employees agreed to be bound by the revised Employee Handbooks as a condition of continued employment. Yet, it has refused to furnish these handbooks.

Respectfully submitted,

*Steven J. Moser*
Steven J. Moser

CC: All counsel of record via ECF

5 E. MAIN ST., HUNTINGTON, NY 11743
WWW.MOSEREMPLOYMENTLAW.COM